UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:                              )
                                    )
                                    )   Case No. 12-26252-B-13J
J PEDRO ZARATE,                     )
                                    )
                                    )
Debtor                              )
                                    )
_____)

**ORDER CONFIRMING NO AUTOMATIC STAY IN EFFECT**

On March 30, 2012, the debtor commenced a case under chapter 13. The debtor has had two previous cases that were pending and dismissed within the year prior to the filing of the instant case. On August 25, 2011, the debtor commenced case number 11-40715-B-13J, which was dismissed on October 12, 2011. On December 1, 2011, the debtor commenced case number 11-48088-C-13C, which was dismissed on March 28, 2011.

On April 17, 2012, the debtor filed a Motion for Imposition of Automatic Stay After Prior Dismissal Within Year of Filing (the "Motion")(Dkt. 13), setting the matter for hearing on April 24, 2012 under Local Bankruptcy Rule 9014-1(f)(2). Sterling Bank ("Sterling") filed written opposition to the Motion (Dkt. 20), and requested an order confirming that no automatic stay is in effect. Aurora Bank, FSB ("Aurora") filed a joinder to Sterling's opposition (Dkt. 30), and also requested an order confirming that no stay is in effect.

Pursuant to 11 U.S.C. § 362(c)(4)(A)(i), if a single or joint case is filed by or against a debtor who is an individual,

and if two or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under 11 U.S.C. § 707(b), the automatic stay of 11 U.S.C. § 362(a) shall not go into effect upon the filing of the later case.  Pursuant to 11 U.S.C. § 362(c)(4)(A)(ii), on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect.

    Therefore, based on the foregoing, it is

    ORDERED, that Aurora's and Sterling's requests for confirmation that no stay is in effect in this case are GRANTED; the automatic stay of 11 U.S.C. § 362(a) is not in effect in this case as of the date of this order;

    ORDERED, that the foregoing confirmation does not affect the outcome of the pending Motion.

Dated: APR 20 2012

BY THE COURT

_Thomas C. Holman_
Thomas C. Holman
United States Bankruptcy Judge